UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMMERCIAL RESINS COMPANY, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| RON CARLSON, JR., et al., | ) ) |
| Defendants. | ) |

Case No. 19-cv-616-JED-CDL

**OPINION AND ORDER**

Before the Court is the "Motion to Exclude Expert Testimony of Fact Witness Brian Willms" (Doc. 192), which was filed by plaintiff Commercial Resins Company, Inc. (CRC) and has been referred to the undersigned. The Court has also considered the defendants' response (Doc. 193). Mr. Willms was CRC's Chief Information Officer (CIO) until May 2019, and he is listed as a witness for the upcoming hearing on plaintiffs' motion for spoliation sanctions (Doc. 150).

**I.     Background**

    **A.     The Claims**

This case concerns a business, CRC, that has been owned and operated by the Carlson family for decades. Prior to May 2019, defendants Ron Carlson, Jr. and his wife, Christine Carlson, served as high level officers of CRC. In May 2019, CRC terminated their employment and subsequently filed this suit against them in November of 2019. CRC asserts numerous claims against Ron Jr. and Christine Carlson for alleged misappropriation

of funds and property and other alleged wrongdoing. Plaintiffs' claims also include allegations that Ron Jr. and Christine Carlson improperly deleted electronic documents and data and accessed CRC computer systems without authorization. (*See, e.g.*, Doc. 32 at Count I). Ron Jr. has also filed counterclaims and third-party claims against the individual plaintiffs and others.

  **B.** **The Sanctions Motion**

On March 8, 2022, plaintiffs filed their "Motion for Spoliation Sanctions" against Ron Jr. and Christine Carlson (Doc. 150), which is premised upon plaintiffs' assertions that the defendants deleted computer files relevant to the litigation, destroyed 30 boxes of CRC business and financial records from 2012 to 2018, and deleted portions of their personal tax returns. (*Id.*). The plaintiffs request the following as sanctions: (1) default judgment in favor of plaintiffs on their claim that the defendants improperly diverted $2,255,266 in CRC funds to Innovative Distribution Services (IDS); (2) dismissal of Ron Jr.'s proxy-based counterclaim; and (3) an adverse inference jury instruction that the defendants "willfully destroyed potentially relevant evidence before and during this lawsuit" such that the jury "must presume that [such] evidence . . . would have weighed against defendants and in favor of plaintiffs." (Doc. 150 at 23-28).[1]

---

[1] The sanctions motion was filed on behalf of all plaintiffs. (Doc. 150 at 1, 6, and 28 of 29). The reply in support of that motion, as well as the instant motion to exclude or limit the testimony of Mr. Willms, purport to be filed only on behalf of CRC. (*See* Doc. 185, 192). Because the sanctions motion was filed on behalf of all plaintiffs and the remedies sought may implicate all plaintiffs, the Court construes Doc. 185 and 192 – both of which relate directly to the sanctions hearing – as urged on behalf of all plaintiffs.

### C. The Motion to Exclude Testimony of Willms

Plaintiffs move under Fed. R. Civ. P. 37(a)(3)(A) and 37(c)(1) to exclude testimony by Mr. Willms "based on his 'scientific, technical[,] or other specialized knowledge' – including testimony about CRC's computer systems and computer system logs." (Doc. 192 at 2, 5, 12). Plaintiffs argue that the defendants should not be permitted to present such testimony of Mr. Willms because defendants did not timely present an expert disclosure for Mr. Willms under Fed. R. Civ. P. 26(a)(2). (*Id.* at 5).

In response to the motion, defendants maintain that Willms is a fact witness rather than an expert witness, the defendants were not required to make an expert disclosure as to his testimony in advance of the sanctions hearing, and the defendants in any event moved for an extension of their expert disclosure deadline under the court's trial scheduling order, and that motion is still pending. (*See* Doc. 193).

Plaintiffs' motion includes a request to exclude "testimony about CRC's computer systems and computer system logs," which would arguably preclude Mr. Willms from providing even pure factual testimony that relates to the sanctions motion. Yet, plaintiffs do not dispute that Willms, as CRC's former CIO, is a *fact witness* who has *personal knowledge* that is directly relevant to the issues presented by the sanctions motion. In their preliminary witness list, which was served on May 21, 2021, plaintiffs themselves listed Mr. Willms as a fact witness who would "testify regarding his knowledge regarding defendants' misconduct and defendants' retention of [CRC's] computer data and other assets." (Doc. 138-1 at 3-4). Defendants' initial disclosures, dated April 7, 2020, likewise

3

listed Mr. Willms as a witness who "[m]ay have information concerning company information technology and systems relating to Plaintiff's [sic] claims and Defendants' defenses." (Doc. 192-1).

Further, in their sanctions motion filed on March 8, 2022, plaintiffs rely heavily on an Excel spreadsheet, which was provided to the Court on a thumb drive. (*See* Doc. 150, 150-5, 152). The spreadsheet purports to list log-ins to CRC's server and deletions of various files after the termination of Ron Jr. and Christine Carlson from CRC. Two of the four lists on the spreadsheet also identify alleged "logon[s]" by BWillms and deletions of files by "CRCO (Brian Willms)." Another of plaintiffs' exhibits to the sanctions motion references Mr. Willms and recites plaintiffs' expert's opinion that "the computer systems of [CRC] were accessed and files were downloaded and deleted by the users BWillms, ccandy, and rcarlson after their termination date of May 29th, 2019." (*See, e.g.*, Doc. 150-4 at 3-5, 7).

The parties have also taken deposition discovery that referenced Mr. Willms backing up CRC data to a cloud or remote storage. (*E.g.*, Doc. 178-14 at 3-7, 10). Such factual information is likely directly relevant to the issue of whether any of the allegedly deleted data was "lost" and "cannot be restored or replaced" under Fed. R. Civ. P. 37(e).

Mr. Willms's deposition was taken on June 22, 2022, approximately three weeks before the sanctions hearing is to commence. Since taking that deposition, CRC has itself listed Willms as a witness for that hearing. Its exhibit list also includes descriptions of numerous exhibits that refer directly to Willms, including designation of his recent

deposition. (*See, e.g.,* PX 25, 27, 28, 50-55). Plaintiffs provided a copy of Mr. Willms's deposition transcript in the exhibit notebooks they submitted to the Court for use in the hearing. Nonetheless, CRC argues in its motion that the Court should exclude Mr. Willms's testimony at the sanctions hearing because the defendants "did not designate [him] as an expert witness" and did not provide a report or other disclosure of his testimony. (Doc. 192 at 12). Although plaintiffs have also listed Willms as a witness for purposes of the hearing, they have not indicated that they provided any expert disclosure as to any proposed testimony by Willms either.

**II.    Discussion**

    **A.    No Expert Disclosure was Required under Rule 26(a)(2) for Willms's Testimony at the Sanctions Hearing.**

Plaintiffs argue that the Court should preclude Willms's testimony about his technical or specialized knowledge of CRC computer systems because defendants did not comply with the requirements of Fed. R. Civ. P. 26(a)(2). (Doc. 192 at 5). That rule mandates that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). There is no indication that, prior to plaintiffs' filing of the sanctions motion, defendants intended to present through Willms any evidence under Fed. R. Evid.

5

702, 703, or 705 "at trial"[2] or otherwise. For that reason alone, no expert disclosure was required under the plain text of Rule 26(a)(2).

Plaintiffs have also not established that defendants had any obligation to provide any particular disclosure under Rule 26(a)(2)(B) or (C). Plaintiffs do not contend that defendants have specially retained or employed Mr. Willms "to provide expert testimony" or that Willms is defendants' employee "whose duties . . . regularly involve giving expert testimony." Accordingly, no expert report was required to be provided under the plain terms of Rule 26(a)(2)(B).

The Court has also not been provided any information indicating that the defendants intend to present *any* particular opinions through Mr. Willms's testimony at the sanctions hearing, much less that they intend to present any such opinions under Fed. R. Evid. 702, 703, or 705, which may require a lesser disclosure under Rule 26(a)(2)(C). Instead, it appears that any testimony by Willms will be based on his own role at CRC and his personal knowledge as to its computer systems and the deletions alleged by CRC in its sanctions motion. The plaintiffs have not explained how Mr. Willms is any less a fact witness as to the alleged logons and deletions than are defendants Ron Jr. and Christine Carlson on those issues. All three of them are listed in Dr. Farrow's report and the Excel

---

[2] As previously indicated, the plaintiffs' filing of Willms-related factual information with their sanctions motion placed his testimony in the sanctions hearing at issue, including testimony "about CRC's computer systems and computer system logs," which CRC now moves to exclude from the hearing. The defendants' subsequent indication that they may call him as a witness at the sanctions hearing does not establish that they had any intention of presenting any expert testimony through him at trial.

addendum thereto. (Doc. 150-4). Further, to the extent that Ron Jr. and Christine Carlson are alleged to have had the ability to log on to CRC servers remotely, they would also presumably have factual information about certain aspects of CRC computers / servers, just as Mr. Willms would, yet there is no contention that the Carlsons cannot offer factual evidence on those issues. Any testimony by Mr. Willms that "there are backup records of all the files Defendants deleted" (*see* Doc. 183 at 5) would appear to be based upon his personal factual knowledge as a former employee of CRC on the manner in which CRC's servers were backed up. Plaintiffs have not presented sufficient information to support a determination that such testimony by Willms would be in the form of opinion testimony that would require and be based on expert scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702.

As noted, both defendants *and plaintiffs* have listed Mr. Willms as a fact witness for the hearing and trial. After being provided the opportunity to depose Mr. Willms approximately three weeks before the commencement of the sanctions hearing, plaintiffs' counsel principally asked him about his personal factual knowledge, as former CIO of CRC, rather than about any expert or hybrid opinions. The index to the deposition indicates that the word "opinion" was mentioned one time in the deposition, and it was in relation to whether Mr. Willms had personal knowledge of whether Ron Jr. and Christine deleted files. (*See* Willms Depo. Tr. at 117-119, 138). There was likewise only one use of the word "expert," presented in a hypothetical question premised on "if [plaintiffs' counsel] hired [Willms] as an expert to come in forensically and say what happened here," but Mr. Willms

7

denied that he could do that. (*Id.* at 121-122, 134). At his deposition, Willms was separately represented by counsel, and his testimony in no way indicated the defendants are intending to present any Willms opinion testimony based on specialized knowledge or expertise, as opposed to presenting testimony based upon his personal, factual knowledge obtained from employment at CRC. As a result, there is no basis for concluding that defendants were required to provide an expert disclosure in connection with Mr. Willms's hearing testimony.

Even were such an expert disclosure required, such disclosures must be made "at the times and in the sequence that the court orders. . . ." Fed. R. Civ. P. 26(a)(2)(D). The defendants filed a motion to extend the time under the case scheduling order to identify defense experts and submit expert reports, and that motion is still pending before the District Judge. (*See* Doc. 138).[3]

**B.   There is No Basis for a Sanction under Fed. R. Civ. P. 37(c)(1).**

Because the defendants were not required to provide a disclosure for the fact testimony of Mr. Willms under Rule 26(a)(2), there is no basis for the plaintiffs' requested sanction of exclusion under Rule 37(c)(1). That rule provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

---

[3]   Plaintiffs' motion is premised in part upon its incorrect assertion that "no motion to extend [the expert disclosure deadline] was filed." (Doc. 192 at 12). Defendants did in fact file a motion, and it is still pending.

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Even had the defendants been required to provide a disclosure under Rule 26(a), the defendants' failure to do so prior to the plaintiffs' filing of the motion for sanctions was substantially justified, and it was harmless, such that a sanction of exclusion under Rule 37(c)(1) would not be required. In the Tenth Circuit, the following factors guide a court's discretion in making any "findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose" under Rule 26(a): "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply*, 170 F.3d at 993); *ClearOne Comms, Inc. v. Biamp Syst.*, 653 F.3d 1163, 1177-78 (10th Cir. 2011) (quoting *Jacobsen*, 287 F.3d at 953).

There is no indication that defendants either retained Mr. Willms to testify as an expert or that they intend to offer opinion testimony that requires specialized education, training, or experience, as would require an expert disclosure. The plaintiffs have not presented any information that would indicate any gamesmanship or bad faith by defendants with respect to identifying Mr. Willms as a potential witness for the hearing. Defendants had previously disclosed Mr. Willms as a potential fact witness, *just as the*

*plaintiffs had done*, and plaintiffs did not provide an expert disclosure for Mr. Willms either. As a result, there is no basis for a finding of bad faith or willfulness on the part of the defendants under the fourth *Woodworker's Supply* factor, and there is no indication of surprise to the plaintiffs in light of the background of this dispute, Mr. Willms's relationship to it, and plaintiffs' own designation of him as a witness with information relevant to the sanctions motion.

Plaintiffs have also shown no prejudice, and any potential prejudice by Mr. Willms testifying about his knowledge derived from prior employment with CRC was cured by the plaintiffs' opportunity to depose him. *See ClearOne Comms*, 653 F.3d at 1177-78 (party that requested exclusion of opponent's witness for failure to provide expert disclosure was able to cure prejudice by deposing the witness one day before the trial). The first and second factors thus also support a finding that any failure to provide a disclosure would be substantially justified and harmless. As to the third *Woodworker's Supply* factor, Mr. Willms's testimony clearly would not disrupt the sanctions hearing, as he was deposed, and both sides have designated him as a witness.

In any event, defendants timely moved for an extension of time for their expert disclosures. On February 1, 2022, the defendants moved to extend the scheduling order deadline for defendants' designation of experts and to provide expert reports, and that motion remains pending before the District Judge. (*See* Doc. 138). On March 8, 2022, before the District Judge ruled on the defendants' extension motion, plaintiffs then filed their motion for sanctions directly implicating Mr. Willms's conduct and personal

10

knowledge regarding the issues relating to the sanctions motion. These facts further show that the defendants' failure to provide any disclosure prior to the sanctions hearing would be substantially justified even had there been an obligation to disclose.[4]

### III. Conclusion

For the foregoing reasons, plaintiffs' motion to exclude testimony from Brian Willms is **denied**. This denial is without prejudice to defendants' renewing a request for exclusion (1) as to the trial proceedings before the District Judge and/or (2) as to any of Willms's opinions solicited at the sanctions hearing that are not based on his personal knowledge as CRC's former employee and relating directly to issues raised by the sanctions motion.

IT IS SO ORDERED this 11th day of July, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge

---

[4] It does not appear that the defendants have engaged in any prejudicial delay that would warrant a sanction excluding Mr. Willms's testimony at the sanctions hearing. The plaintiffs disclosed one of their experts – Mr. Farrow – and provided his report on January 18, 2022 (*see* Doc. 143 at 4), and defendants filed their motion to extend their expert disclosure deadline just two weeks later, on February 1, 2022. Moreover, the discovery cutoff was February 28, 2022. The sanctions motion was filed shortly thereafter based in large part on the Farrow report (*see* Doc. 150-4), which directly implicates and references allegations that Mr. Willms, along with defendants Ron Jr. and Christine Carlson, logged in and deleted files after being terminated from CRC. The parties' filings further indicate that they still had not completed fact deposition discovery until well after the February 28 discovery deadline. Under the circumstances, the Court does not find that defendants engaged in any undue delay with respect to identifying Mr. Willms as a potential fact witness on the issues presented in the sanctions motion.